**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO. 13-374** |
| | : | |
| **RICHARD MELENDEZ** | : | |

**MEMORANDUM**

**KEARNEY, J.**                                                                                                                    **November 21, 2025**

An incarcerated man seeks compassionate release from a 262-month sentence set by Judge Surrick in 2014 after applying the career offender guidelines given two earlier Pennsylvania convictions and his present conviction for attempted possession of five kilograms or more of cocaine with intent to distribute under federal law. Judge Surrick sentenced him at the lowest range under the advisory Guidelines. The incarcerated man then sought habeas release from custody arguing Judge Surrick erred in applying a career offender status based on these three crimes. Judge Surrick disagreed and our Court of Appeals denied a certificate of appealability from Judge Surrick's denial of habeas relief. The man returns asking for compassionate release because he is a model prisoner and his lawyer misunderstood the career offender guideline as his earlier convictions did not qualify for career offender status. We are mindful Judge Surrick reviewed this same issue in the habeas context. We now review through a motion for compassionate release arguing the Commission allows release for "other reasons." We disagree. The incarcerated man remains a career offender under present law. And he would still be subject to a Guidelines sentence today beginning at 262 months. We commend him on his compliance and model behavior while in custody. But there is no change in the law or "other reason" to grant compassionate release for the grounds offered today. We deny the incarcerated man's motion for compassionate release.

I.  **Facts**

Richard Melendez pleaded guilty on October 25, 2013 to attempted possession of five kilograms or more of cocaine with intent to distribute in violation of federal law.[1] Judge Surrick sentenced Mr. Melendez on April 29, 2014 to a 262-month term of imprisonment as the lowest sentencing range recommended in the Sentencing Guidelines for a career offender.[2]

Judge Surrick based the sentence on Mr. Melendez's status as a career offender under the Federal Sentencing Guidelines section 4B1.1.[3] Mr. Melendez then had two earlier felony convictions for a controlled substance under Pennsylvania law.[4] Judge Surrick found he should consider a Guidelines range of 262 to 327 months of imprisonment as a career offender.

II.  **Analysis**

We today address Mr. Melendez's most recent motion for compassionate release based on another challenge to his career offender classification. He again argues he is not a career offender and, without the career offender classification, his advisory Guidelines range would have been 120 to 150 months in prison with a mandatory minimum of 180 months set by Congress.[5] He seeks a reduction in sentence to the mandatory minimum of 180 months.[6] The United States opposed the motion.[7] We agree with the United States and deny Mr. Melendez's Motion for reduction in sentence.

We begin with the governing statute. Congress through the First Step Act allows incarcerated persons to move for compassionate release if we find sentence reduction is "(1) warranted by 'extraordinary and compelling reasons'; (2) 'consistent with applicable policy statements issued by the Sentencing Commission'; and (3) supported by the traditional sentencing factors of 18 U.S.C. § 3553(a), to the extent they are applicable."[8]

Congress delegated to the Sentencing Commission the responsibility of "promulgating general policy statements" regarding sentence modification in section 3582(c)(1)(A) of the First Step Act; the Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[9]

The Commission's policy statement allows for a reduction in sentence if, after considering the factors in section 3553(a), to the extent applicable, we determine extraordinary and compelling reasons warrant the reduction, or the defendant is at least seventy years old and served at least thirty years in prison, he is not a danger to the safety or any other person or the community under section 3142(g), and a reduction is consistent with the Commission's policy statement.[10] The Sentencing Commission defines "extraordinary and compelling reasons" to include certain delineated circumstances or a combination of those circumstances, including "other reasons" and an "unusually long sentence."[11] The Commission's policy statements are "generally binding" on us.[12]

Mr. Melendez asserts "extraordinary and compelling reasons" warrant a reduction in sentence. He relies on the "other reasons" section of the Sentencing Guidelines section 1B1.13.

At the time Mr. Melendez moved for this relief, the Commission's Guidelines section 1B1.13 allowed a judge to reduce a sentence if she found "extraordinary and compelling reasons" or if the defendant is at least seventy years old and served at least thirty years of his term, is not a danger to the safety of any other person or the community, and the reduction is consistent with the Commission's policy statement.[13] The Commission in the Application Notes to section 1B1.13 defined "extraordinary and compelling reasons" to include the defendant's medical condition and age, the defendant's family circumstances, and "other reasons … [a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling

3

reason other than, or in combination with, the [defendant's medical condition, age, and family circumstances]."[14]

The Sentencing Commission amended section 1B1.13 effective November 1, 2023 to include guidance for judges of additional circumstances meeting "extraordinary and compelling reasons" for a sentence reduction: the defendant's medical circumstances and age, the defendant's family circumstances, whether the defendant is a victim of abuse while in custody serving the term of imprisonment sought to be reduced, "other reasons," and an "unusually long sentence."[15]

### A. Mr. Melendez is a career offender at his 2014 sentencing and today.

Mr. Melendez argues "other reasons" warrant a reduction in his sentence because he is a model prisoner and his counsel at sentencing "had a misapprehension of the law, allow[ing] the Court [t]o designate him as a career offender" when he is not a career offender.[16] The United States' supplemental response, reflecting the amendment to section 1B1.13, analyzes Mr. Melendez's motion as one under the "unusually long sentence" provision of "extraordinary and compelling reasons" for compassionate release.[17]

The United States first argues the "unusually long sentence" provision may not be used to seek relief from a conviction or sentence not retroactively available on collateral review.[18] That is, Mr. Melendez could not today use a change in interpretation of the Sentencing Guidelines as a basis for a present habeas petition under section 2255.[19] The United States concedes this legal issue is currently pending before the United States Supreme Court. But, the United States argues, the issue before the Supreme Court does not affect our analysis because Mr. Melendez's sentence is not unusually long and is identical to the term we would impose if sentenced today under current law as 262 months remains the lowest end of the guidelines range.

4

We agree with the United States. We would (in the best case for him) impose the same low end of the Guidelines sentence upon Mr. Melendez today under current law if we found grounds for the lowest end of the recommended sentencing range. We need not consider the issue currently pending before the Supreme Court because Mr. Melendez would today be classified as a career offender and be subject to a guideline range of 262 to 327 months term of imprisonment. So, he would be in the same place as in 2014 before Judge Surrick.

The Commission's Guideline at section 4B1.1 defines a career offender.[20] A defendant is a career offender if "(1) [he] was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."[21]

Mr. Melendez argues he is not a career offender because (a) the elements of his two earlier Pennsylvania convictions are broader than those defined in section 4B1.2 of the Guidelines and thus cannot qualify as a "controlled substance offense"; and, (b) his instant offense of conviction—the attempted possession of five kilograms or more of cocaine with intent to distribute in violation of 21 U.S.C. § 846—is an inchoate crime not included in the text of section 4B1.2(b) of the Guidelines at the time of his sentencing in April 2014.

### B. Mr. Melendez's two earlier convictions qualify as predicate crimes for purposes of career criminal classification.

Judge Surrick rejected Mr. Melendez's argument his two convictions under Pennsylvania's statute for delivery of cocaine and possession with intent to deliver heroin do not constitute predicate controlled substance offenses under section 4B1.1 of the Guidelines.[22] Judge Surrick rejected Mr. Melendez's argument Pennsylvania's controlled substance statute (35 Pa. Stat. § 780-113(a)(30)) is broader than the Guidelines' definition of "controlled substance

5

offense."[23] Our Court of Appeals rejected this argument in *United States v. Glass*, a case Mr. Melendez cites but distinguishes as erroneously decided.[24] Our Court of Appeals as recently as last week cited *Glass* in noting a conviction in Pennsylvania state court for manufacturing, delivering, or possessing with intent to manufacture or deliver a controlled substance in violation of section 780-113(a)(30) qualifies as a "controlled substance offense" for career-offender purposes.[25]

Mr. Melendez's argument his Pennsylvania controlled substance offense does not qualify as a predicate under the Guidelines for purposes of his career criminal classification is without merit.

### C. Mr. Melendez's offense of conviction qualifies as a controlled substance offense for purposes of career criminal classification.

We next consider Mr. Melendez's argument his instant offense of conviction is not a controlled substance offense because it is an inchoate crime. Mr. Melendez pleaded guilty to attempted possession with intent to distribute five kilograms or more of cocaine. He believes his conviction does not qualify as a career offender predicate. He argues an inchoate crime cannot be a controlled substance offense because the text of the Guidelines at the time of his conviction in 2013 did not include inchoate offenses and appeared only in the Guidelines' commentary.

The Sentencing Commission amended section 4B1.2 effective November 1, 2023 to include inchoate offenses within the definition of "controlled substance offense," specifically including in the text of section 4B1.2(d) the term "controlled substance offense" includes "the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense."[26] His current offense is a "controlled substance offense" for purposes of a career offender classification under the current Guidelines.

6

**III. Conclusion**

We commend Mr. Melendez on his claimed compliance with the terms of his custody. But we cannot grant release for compliance expected of all persons in custody absent reasons recognized by the Sentencing Commission and our colleagues. And we find no error in the career offender analysis. And lastly, even if we sentenced Mr. Melendez today, he would be classified as a career offender. His total offense level would remain at 34, his total criminal history score is 12 putting him in a criminal history category of V, and classification as a career offender makes his criminal history category a VI. His Guideline range today - as in April 2014 - is 262-327 months. Judge Surrick sentenced Mr. Melendez at the lowest end of the Guidelines range. It is not an "unusually long sentence."

Mr. Melendez does not show extraordinary and compelling reasons for compassionate release. We need not reach the section 3553(a) factors.[27]

We deny Mr. Melendez's Motion for compassionate release without prejudice to seek compassionate release if warranted under this present circumstances.

---

[1] ECF 31; 21 U.S.C. § 846.

[2] ECF 31.

[3] U.S.S.G. § 4B1.1.

[4] Mr. Melendez had two earlier convictions for delivery of or possession with intent to deliver controlled substances under Pennsylvania law. 35 PA. STAT. § 780-113(a)(30). Pennsylvania law prohibits "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance." *Id.* Mr. Melendez also had an earlier felony robbery conviction under Pennsylvania law. He disputes his Pennsylvania controlled substance convictions are predicates for a career offender classification.

[5] ECF 56. We today address Mr. Melendez's Motion (ECF 56) upon reassignment by the Clerk of Court to our calendar. ECF 65. Mr. Melendez's motion for compassionate release challenging his

7

career offender status is but one of many challenges to his sentence. Mr. Melendez pro se moved for a reduction in sentence under 18 U.S.C. § 3582(c)(2) in January 2015 arguing retroactive amendments to the Sentencing Guidelines lowered the base offense level for most drug offenses by two levels. ECF 32. The United States opposed the motion, explaining Mr. Melendez is not eligible for the reduction in sentence under the Amendment because Judge Surrick sentenced him under the career offender Guideline, not the drug offenses Guideline in section 2D1.1, ECF 34. Judge Surrick denied Mr. Melendez's motion on July 10, 2015. ECF 35.

Mr. Melendez pro se then sought habeas relief under 28 U.S.C. § 2255 in July 2017. ECF 43. Mr. Melendez argued his two earlier felony drug convictions did not qualify as predicate acts to classify him as a career offender. *Id.* Mr. Melendez argued Pennsylvania's statute, 35 PA. STAT. § 780–113(a)(30) is not divisible under the Supreme Court's decision in *Mathis v. United States*, 579 U.S. 500 (2016) and the Pennsylvania statute is categorically broader than the definition of a controlled substance offense in section 4B1.2 of the United States Sentencing Guidelines and cannot be a predicate act to classify him as a career offender. ECF 43. The United States opposed the habeas petition. ECF 45. Judge Surrick denied Mr. Melendez's habeas petition on September 6, 2017 both as time-barred and on the merits. ECF 46. Mr. Melendez appealed from Judge Surrick's Order. Our Court of Appeals denied an application for a certificate of appealability. ECF 51. Mr. Melendez filed a second habeas petition under section 2255 on August 12, 2019. ECF 52. Judge Surrick denied the petition as an unauthorized second or successive petition without first obtaining authorization from our Court of Appeals. ECF 53.

Mr. Melendez pro se then moved to correct his sentence, again challenging his career offender status, as a clerical error under Federal Rule of Criminal Procedure 36; a motion for compassionate release seeking a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); another motion for compassionate release during the COVID-19 pandemic; and a third motion for compassionate release seeking a reduction in sentence based on his cooperation with prison officials in investigations. ECF 54, 55, 56, 60, 61, 63. The United States opposed all of Mr. Melendez's motions. ECF 58, 62, 64. We denied all of the Motions except one (ECF 56) seeking compassionate release based on his argument his instant offense of conviction does not qualify as a career offender predicate. ECF 66. The United States supplemented its response with updated authority. ECF 67.

[6] ECF 56 at 1.

[7] ECF 58, 67.

[8] *United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

[9] 28 U.S.C. § 994(t).

[10] U.S.S.G. § 1B1.13(a).

[11] *Id.* § 1B1.13(b)(1)–(6).

[12] *United States v. Rutherford*, 120 F.4th 360, 375 (3d Cir. 2024) (citing *United States v. Berberena,* 694 F.3d 514, 522 (3d Cir. 2012)).

[13] U.S.S.G. § 1B1.13. Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement) (amended effective November 1, 2023).

[14] *Id.*

[15] U.S.S.G. § 1B1.13(b)(1)–(6). Section 1B1.13(b)(5)'s "other reasons" category is a catchall provision: "The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." Under paragraphs (1) through (4), "extraordinary and compelling reasons" for a reduction in sentence may exist based on the defendant's medical circumstances, the defendant's age, family circumstances of the defendant, and whether the defendant is a victim of abuse while in custody. Mr. Melendez does not argue any of the circumstances provided in paragraphs (1) through (4).

Section 1B1.13(b)(6) provides: "If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances."

[16] ECF 56 at 2.

[17] ECF 67.

[18] *Id.* at 2.

[19] *United States v. Folk*, 954 F.3d 597, 604 (3d Cir. 2020) (an incorrect career-offender enhancement under the advisory guidelines is not cognizable under section 2255 because it is not a fundamental defect inherently resulting in a complete miscarriage of justice).

[20] U.S.S.G. § 4B1.1.

[21] *Id.*

[22] ECF 46 at 2–3. Section 4B1.2 of the guidelines defines "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that … prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense[.]"

[23] ECF 46 at 2–3.

[24] 904 F.3d 319 (3d Cir. 2018).

[25] *See United States v. Sokalsky*, No. 25-1196, 2025 WL 3142084, at *1 n.6 (3d Cir. Nov. 10, 2025) (citing *Glass*, 904 F.3d at 324). *See also United States v. Hurt*, 105 F.4th 520, 525 (3d Cir. 2024) (Pennsylvania's statute at section 780-113(a)(30) does not sweep more broadly than the Guidelines section 4B1.2 and may serve as a predicate offense for career offender classification, citing *Glass*).

[26] U.S.S.G. § 4B1.2(d).

[27] *Rutherford*, 120 F.4th at 364–65.